EUFROSINA CIANCHINI DE SANTIAGO, Plaintiff and Appellant, v. JULIO DÍAZ ET AL., Defendants and Appellees.

No. 7065. Argued February 12, 1937.—Decided May 26, 1937.

*Manuel A. Rivera* for appellant. *Leopoldo Tormes García* for appellee Lanauze. *E. Arjona Siaca* and *E. Huertas Zayas* for remaining appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action to recover rent upon a lease. The complaint was directed against Julio Díaz, Sucesores de Conrado

Díaz, and Enrique Lanauze. It was alleged therein that the plaintiff leased to the defendants Julio Díaz and Enrique Lanauze, a property of three hundred acres situated in the ward of Cuyón, Coamo; that the contract was embodied in a deed executed on May 30, 1929, from which we transcribe the following clauses:

"2d. The rental of the property shall be $1,627.50 annually, payable in advance quarterly, at the office of the lessor in this town, that is, the sum of $406.87 on the first day of May, August, November, and February of each year.

"14th. The contract is executed jointly and severally by Messrs. Lanauze and Díaz, and they shall be responsible accordingly for the performance thereof."

It was further alleged that subsequently, when the agricultural partnership Sucesores de Conrado Díaz was formed, Julio Díaz assigned to it his rights under the contract, and the partnership together with the other defendant Lanauze, entered into the possession of the property leased and received its rents and profits and paid the rent for the years 1929 and 1930; that the defendants only paid one-half of the rent due in February, May, August, and November 1931, and owed $1,017.18; that they also failed to pay the quarterly instalments corresponding to May, August, and November 1932, amounting to $1,237.79, the total amount of their indebtedness at the time the amended complaint was filed on December 14, 1932, being $2,237.79, which the defendants— who are still occupying the property—have not paid either in whole or in part.

Prayer was made for a judgment directing the defendants to pay in solidum to the plaintiff the said sum and the rent maturing up to the date said judgment should be rendered, with interest and costs.

The defendant Julio Díaz filed no answer. The defendant Sucesores de Conrado Díaz demurred to the complaint and answered the same. The grounds of the demurrer were insufficiency of the complaint, misjoinder of parties defend-

ant, and misjoinder of causes of action. The partnership in its answer denied that Julio Díaz had assigned to it his interest in the lease, or that it, together with the other defendant Lanauze, had taken possession of the property as assignee thereof, or that they had paid the rent; and on the contrary alleged that it had "faithfully paid to Julio Díaz the amount of rent on all the land that the former has used as grazing land for its drove of oxen of the 'Jauca' plantation, that is, that if the defendant has made any use of the property described in the second paragraph of the complaint, it has done so under a direct and independent contract of sublease with Julio Díaz, but never as assignee of the rights of the latter under the original contract of lease with the plaintiff, nor in subrogation in any way of his obligations."

The defendant Lanauze answered and admitted the contract of lease entered into in the manner stated in the complaint, but he set up as a defense that the same had been expressly modified "in the sense that the liability under it, and especially with respect to the obligation to pay the rent, would not be joint and several as between Julio Díaz and Enrique Lanauze; but on the contrary, that this defendant would pay and would be responsible only to the extent of $640.52 annually, and that this defendant would pay directly to the plaintiff, quarterly in advance, as rent the sum of $160.13, and that this contract has been performed accordingly by this defendant, by paying quarterly to the plaintiff as rent the sum of $160.13."

He further alleged that he continued to pay said sum of $160.13 quarterly to the plaintiff until the latter refused to accept the same, and that he owed only $480.39, which he is willing to pay, and of which he deposited in court $320.26 when he answered the original complaint, the balance being tendered with his new answer.

The case went to trial. Extensive documentary and testimonial evidence was introduced, and the court rendered judgment on March 28, 1934. By said judgment the court

dismissed the complaint on the merits as to Sucesores de Conrado Díaz, and sustained it as to Enrique Lanauze "with regard to his proportionate share of rent owed by this defendant, and which has been deposited quarterly in the office of the clerk of this court," without special imposition of costs; and the complaint was sustained on the merits as against Julio Díaz, without special imposition of costs, inasmuch as he had defaulted.

The appellant in her brief assigns five errors. In our opinion, the first one lacks any importance. It relates to the allowance of a certain amended complaint which was filed by the plaintiff in order to conform the allegations to the proof, and which contained some particulars that really do not appear to have been proved at the trial.

The other four assignments of error present the whole of the controversy which is quite complex, especially because the relationship between the plaintiff and Sucesores de Conrado Díaz was never definitely established in writing, and the same must be inferred from the various circumstances and statements flowing from fountains which have their source in conflicting interests.

We shall endeavor to examine the evidence first as to the relationship between the plaintiff and the defendants Díaz and the Sucesores de Conrado Díaz; then as to the relationship between the plaintiff and the defendant Lanauze; and, lastly, with regard to the manner in which the defendants Díaz and Lanauze were originally bound and have finally become bound as to each other and as to the plaintiff.

We know the conclusions of the district court by virtue of the pronouncement contained in its judgment. The latter was based on a statement of the case and opinion wherein the court held, in substance, that it did not consider as proved that Díaz had assigned the lease to Sucesores de Conrado Díaz, nor that the latter had taken possession of the whole property leased with Lanauze, and that it considered as

proved that the original lease was modified, as alleged by the defendant Lanauze in his answer.

There is no question as to the identity of the property, and none as to the existence of the lease executed by Díaz and Lanauze on the one side and the plaintiff on the other. Said contract is embodied in deed No. 67, which was executed on May 30, 1929, in Coamo, before Notary Manuel A. Rivera.

The plaintiff, who was the owner of the usufruct of said property for life, leased it to defendants Enrique Lanauze and Julio Díaz, to be used and enjoyed by them as pasture land, for a term of seven years, beginning on May 1, 1929, at an annual rental of $1,627.50 payable quarterly in advance; and the obligation of the lessees to pay said rental was joint and solidary.

In the document Díaz and Lanauze appeared in their own right. Not the slightest reference was made to the defendant Sucesores de Conrado Díaz. We must consider the testimonial evidence introduced on this point.

Notary Manuel A. Rivera, who was also the attorney for plaintiff in this action, testified as follows:

"On May 30, 1929, in my capacity as a notary, I was called to the office of Eufrosina Cianchini, in order to certify a contract of lease, entered into between Enrique Lanauze, Sucesores de Conrado Díaz, and Doña Eufrosina. While I was taking down the notes for drafting the deed, the clauses were more or less identical with those of a contract that expired on the same day, and Enrique Lanauze and Sucesores de Conrado Díaz were to continue holding under the same conditions from that day onward. Julio Díaz was then acting as executor of the Estate of Conrado Díaz. After I had noted all the details, I learned that two of the Díaz Rivera girls were not of age—they are two families, Díaz Márquez and Díaz Rivera. There were two minors in the Díaz Rivera family. I then thought that Julio Díaz could not represent them as executor in a contract of lease which was to be recorded. I so advised them, and the contract almost came to an end because Antonia Colón, as attorney in fact of Doña Eufrosina Cianchini, was not willing to enter into a contract under those circumstances. Díaz was very much interested in the property because it was the dry season and he could not take

the cattle out of the property. He then said: 'The contract can be made in my name. I represent the heirs, but make it in my name.' This is why the contract was drawn up as if entered into between Julio Díaz and Enrique Lanauze; but the contract was really between Julio Díaz and the Heirs of Conrado Díaz. Some time afterward, about six or seven months later, about December 1929, the partnership Sucesores de Conrado Díaz was formed, with all the real property pertaining to the Jauca Estate, and all the rights and interests in said estate passed to the partnership."

Antonia Colón de Santini, attorney in fact of the plaintiff, in referring to defendant Díaz, said:

"When he came to talk to me about the lease, it was as representative of the Heirs of José Conrado. Díaz. When we were about to sign the contract of lease, the attorney warned me and also Julio Díaz, the latter as representative of the Heirs of José Conrado Díaz, that it could not be executed in the name of Heirs of José Conrado Díaz, because there were some minor children of a natural son, and that the lease required judicial authorization on account of those minors, and those minors were not going to enter the partnership, as its terms were already agreed upon and said minors were not going to be partners; and, therefore, the contract of lease could not be made in the name of the Heirs of José Conrado Díaz. Julio Díaz then stated that as they were in great need of pasture for the cattle which belonged to the Estate of José Conrado Díaz, in view of such need, he told me: 'Make the contract in my name, because as soon as we conclude the testamentary proceedings and the partnership we are going to form, the civil partnership, I shall convey or assign the rights under the lease to Sucesores de José Conrado Díaz.' "

The testimony of the defendant Julio Díaz, a son and heir of Conrado Díaz and subsequently a member of the defendant partnership Sucesores de Conrado Díaz, is, in part, as follows:

"Rivera: Did you go at any time during the month of May to the office of Doña Eufrosina Cianchini?—Witness: Yes, sir.—With whom?—With Enrique Lanauze.—What did you discuss there?— Leasing a property.—What property?—That Cuyón property.—For whose benefit was the contract?— . . . . —I went to lease that part that we already had—I ask you now: Do you remember that on that day you wanted the contract made in the name of the Heirs of Con-

rado Díaz and that when I was called I told you that there was a sister of yours, Ana Leonor Díaz, who was still a minor and who had not yet been emancipated and therefore could not contract?— . . . . —Well, I knew that the lease could not be made in the name of the heirs because I had no authority to do so, because there were eleven heirs in addition to myself, and it was then that the contract was executed in my name— . . . . —I shall explain: I had the intention of assigning the lease to Sucesores de José Conrado Díaz, but they always objected because they thought that I had agreed to pay too high a price for that land and that the deal was prejudicial to them and they refused to accept the contract.—Judge: You have not told us about the talks you had with Rivera, which was the question. —Rivera: What talks did you have with me?—Well I spoke with him and told him that I intended to assign the contract to Sucesores de José Conrado Díaz, but they always objected and it could not be done. —Is it not true, however, that on several occasions you instructed me to draw up the deed of assignment of the lease in favor of Sucesores de José Conrado Díaz?— . . . . —Witness: I am telling the truth. I was trying to make that assignment and I told you to draw up the contract; but as I could not force them, it could not be made.''

From the foregoing evidence, from the established fact that the cattle belonging to Sucesores de Conrado Díaz continued to graze on the plaintiff's land as it had done previously under contracts made by Conrado Díaz, and from the fact of payment of the rentals agreed upon on May 30, 1929, which were paid out of funds derived from the account for agricultural advances existing between Sucesores de Conrado Díaz and the Central Aguirre, as shown by the evidence, the court is convinced that the defendant Díaz really acted for the benefit of the Heirs of Conrado Díaz, and that Sucesores de Conrado Díaz continued to utilize the property for the purpose of grazing its cattle thereon; but that conviction is insufficient to hold that a contract had been entered into with an entity party composed of minors, and with a partnership whose article of association, as established by the evidence, required compliance with certain conditions in order to contract in its name, which conditions were not complied with.

That being so, we think that the trial court acted correctly in dismissing the complaint as to Sucesores de Conrado Díaz, with respect to their liability as assignees of Julio Díaz, but we think that the pronouncement should have been without special imposition of costs, in view of the attendant circumstances.

■ There is still another question in relation to Sucesores de Conrado Díaz. We know what was alleged in their answer, to wit, "that if it has made any use of the property . . . they have done so under a direct and independent contract of sublease with Julio Díaz."

The appellant in her brief calls attention to that point, and she refers to section 1442 of the Civil Code, 1930 ed., which provides that "the subtenant shall also be bound with regard to the lessor for the amount of the price agreed upon in the sublease, which is due at the time of the summons, considering the payments made in advance as not made, unless he has paid them according to custom."

But at the same time she insists that her "theory is not that of a sublease, but that Julio Díaz acted as the agent of the Heirs of Conrado Díaz, and that this succession and the partnership Sucesores de Conrado Díaz were and are the same entity," and that she thus acts "in order to show the contradiction of the lower court, in charging our evidence as defective and in making us responsible for the lack of evidence to prove the existence of the sublease, when this should have been an additional ground to support our claim against Sucesores de Conrado Díaz."

Under those circumstances, and moreover, as the record fails to show the terms of the sublease, or the fact that the demand required by law was made on the sublessees, there is no basis for seriously considering the question, which, we must acknowledge, is one that had it been properly presented and classified, might have influenced the final result of this case in respect to the liability of the defendant Sucesores de Conrado Díaz.

■ Let us see now whether or not the judgment in the form that it was rendered should stand as to the defendant Lanauze.

The trial court, in its statement of the case and opinion, held:

"All the evidence shows that prior to the contract of lease entered into between the plaintiff and the defendants Julio Díaz and Enrique Lanauze, the whole of the property was leased to Julio Benvenutti, and Enrique Lanauze was the sublessee of the property to the extent of 122 acres (*cuerdas*); that when the new contract of lease was executed by the plaintiff in favor of Julio Díaz and Enrique Lanauze, upon the expiration of the former contract, Enrique Lanauze continued in the possession of the said 122 acres of the land, abstaining from any interference with the rest of the property and paying to the plaintiff a rental of $640.52 annually, which amount he always paid directly to the plaintiff, at the rate of $160.13 quarterly; and that the remaining portion of the rent was always paid directly by the other defendant Julio Díaz, or by another person in his name, without any objection on the part of the plaintiff, who on the contrary accepted this modification of the contract in respect to the payment of the rent. All the documentary evidence of the plaintiff tends to show this, and the court is of opinion that these contemporary and subsequent acts, and also those that preceded the making of the contract, show that the true intention of the contracting parties was that each of the lessees, Julio Díaz and Enrique Lanauze, should pay the proportionate share of the rental corresponding to him in accordance with the part of the property that he occupied; and that in spite of the recital contained in the contract to the effect that they would be liable *in solidum* for said rent, that clause of the contract was never put in effect nor did the defendant ever require compliance with it. In the case of *Torres* v. *Lothrop, Luce & Co. et al.,* 16 P.R.R. 172, it was held that an original mortgage contract had been modified by agreement of the parties and that their acts and declarations involved a modification of the original contract. (Pages 180–181.)

"The court is of opinion that it has been proved to its satisfaction, that the intention of the contracting parties in this case was that each of the lessees would answer for and pay for the part of the property that he occupied, and this being so, the intention is wholly in conflict with the words of the contract and, therefore, ap-

plication must be made of the second paragraph of section 1248 of the Civil Code, *supra*, which provides that if the words appear to be contrary to the evident intention of the contracting parties, the intention shall prevail. *Roig* v. *Landrau*, 31 P.R.R. 400.''

Although the judgment to be rendered will indeed be hard on Lanauze, we think that the contract which he signed is so clear and definite that nothing else can be done. The fact that he and Díaz divided the leased property between themselves to suit their own convenience, and the acceptance by the lessor of fractional payments from them which totalled the amount of the rental due, are circumstances which tend to show what really happened in the actual occupancy of the property by the lessees, but which can not be considered as a modification of the contract made with the lessor and embodied in a deed that contained the clause relating to the solidary liability of the lessees.

Moreover, Lanauze can not claim that he was misled. The transcript sets forth copies of many letters which the plaintiff wrote to Lanauze every time that Díaz fell behind in his payments, and which were predicated on the basis that his (Lanauze's) liability was solidary with that of Díaz. Lanauze made no objection. On the contrary, conscious of his liability, he took steps with the Central Aguirre to secure performance of the whole contract. Something was done, but the time came when Díaz defaulted completely under the contract, and both Lanauze and Díaz are liable in the manner they agreed, that is, jointly and solidarily. There was no novation.

The case of *Roig* v. *Landrau*, 31 P.R.R. 400, relied on by the trial court, is altogether distinct. There the intention of the contracting parties ''somewhat vague and ambiguously expressed in the instrument'' was revealed by the defendant's version of the transaction. Here, as we have already stated, what occurred—the division of the occupancy of the property between the lessees of their own accord, and the admission by the lessor that the rental was paid in two unequal por-

tions—is compatible with the existence of the joint and solidary liability expressly assumed by the lessees when entering into the contract of lease.

The situation which arose in the other case cited, *Torres v. Lothrop, Luce & Co. et al.,* 16 P.R.R. 172, and which led this court to conclude that a certain contract had been modified in respect to the manner in which the moneys received by the creditor from the debtor should be applied, is quite different from that which arises from the facts in the case at bar. We can not, therefore, arrive at the same conclusion.

As our viewpoint is the one above set forth, it is clear that we must conclude also that the deposits made by Lanauze of the portion of the rental which he used to pay directly, apart from the fact that they were not made during the term provided therefor by the statute, do not entirely relieve him of his liability as regards the plaintiff.

Therefore, the judgment appealed from is modified by striking therefrom the pronouncement of costs against the plaintiff and in favor of the defendant Sucesores de Conrado Díaz, and by adjudging the defendants Julio Díaz and Enrique Lanauze to pay jointly and severally the whole of the debt due; and as so modified, the judgment is affirmed.

Mr. Justice Wolf took no part in the decision of this case.